People v Lafrem (2025 NY Slip Op 05925)

People v Lafrem

2025 NY Slip Op 05925

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Ind. No. 1155/10|Appeal No. 5052|Case No. 2024-00474|

[*1]The People of the State of New York, Respondent,
v
Mbarek Lafrem, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Russel A. Spivak of counsel), for respondent.

Order, Supreme Court, New York County (Althea E.M. Drysdale, J.), entered on or about December 6, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining a downward departure (see generally People v Gillotti,23 NY3d 841, 861 [2014]), and we perceive no basis to substitute our discretion and grant a downward departure to a level one adjudication. Contrary to defendant's assertion, the three-step Gillotti analysis properly implements the Guidelines and applies in full regardless of the applicability of an override (see e.g. People v Williams, 238 AD3d 457, 457 [1st Dept 2025] [downward departure providently denied where the defendant was subject to an override to a presumptive risk level three and "(t)he risk assessment instrument adequately took into account mitigating factors (he) cited"]). Here, the mitigating factors cited by defendant were adequately accounted for by the risk assessment instrument (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]), and his participation in sex offender treatment while incarcerated was not so exceptional as to warrant a downward departure (see People v Alcantara, 154 AD3d 532, 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]).
In any event, the serious nature of defendant's crime, which involved him following a woman into a restroom at a nightclub after she refused to dance with him and brutally attacking her until she lost consciousness, outweighs any mitigating factors, as the egregiousness of his crime indicates a risk that reoffense would cause serious harm (see People v Mills, 220 AD3d 548, 548 [1st Dept 2023], lv denied 41 NY3d 908 [2024]; People v Roldan, 140 AD3d 411, 412 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025